UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES R. SINEK,<br>　　　　Petitioner,<br>　v.<br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | Case No. 23-cv-04352-VKD<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Charles R. Sinek, who is presently serving a sentence of supervised release, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is entitled to time credits under the First Step Act to reduce the term of his supervised release. Dkt. No. 1 at ECF 2. Finding he stated a cognizable claim, the Court ordered Respondent to show cause why a writ of habeas corpus should not issue. Dkt. No. 5. All parties consented to magistrate judge jurisdiction. *See* Dkt. Nos. 4, 9.

On January 5, 2024, Respondent filed its answer, supported by the declaration of Daniel Painter, the Bureau of Prison's Residential Reentry Manager ("RRM") for the Sacramento Office. Dkt. Nos. 7, 7-1 ¶¶ 1-2. Mr. Sinek did not file a response, although he was given an opportunity to do so. However, the Court will consider the supplemental information Mr. Sinek filed after his petition was served but before Respondent filed its answer. Dkt. No. 6.

The Court finds this matter suitable for determination without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, the Court denies Mr. Sinek's habeas petition.

//

//

## I. BACKGROUND

### A. The First Step Act

The First Step Act ("FSA") creates incentives for eligible prisoners in federal custody to participate in and complete evidence-based recidivism reduction programs and activities. 18 U.S.C. § 3632(d); 18 U.S.C. § 3634(3)(6)-(7). One incentive allows eligible prisoners to earn time credits (also referred to as "Federal Time Credits" or "FTCs") for participating in such programs and activities. 18 U.S.C. § 3632(d)(4)(A). Eligible prisoners earn ten (10) days of time credit for every 30 days of successful participation, and prisoners who are classified by the Bureau of Prisons ("BOP") to be at a minimum or low risk for recidivating, over two consecutive assessments, earn an additional five days. *Id.* Time credits earned are "applied toward time in prerelease custody or supervised release" at the discretion of the Director of BOP. 18 U.S.C. § 3632(d)(4)(C); 18 U.S.C. § 3624(g). "Prerelease custody" refers to placement in either home confinement or a residential reentry center ("RRC"). 18 U.S.C. § 3624(g)(2). "Supervised release" refers to that part of a prisoner's sentence that requires a term of supervision following release from imprisonment. 18 U.S.C. § 3583(a); 18 U.S.C. § 3624(e).

### B. Mr. Sinek's Sentence and Time Credits

According to the records submitted by Respondent, on June 19, 2018, Judge Sharpe of the Northern District of New York sentenced Mr. Sinek to a term of imprisonment of 87 months, following his conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). Dkt. No. 7-1, Ex. 5 at 1-2 (judgment). Mr. Sinek also received a three-year term of supervised release as part of his sentence. *Id.*, Ex. 5 at 3. Mr. Sinek does not dispute that this is the sentence he received.

Mr. Sinek was committed to BOP custody on August 23, 2018, and served most of his term of imprisonment at the Federal Prison Camp in Yankton, South Dakota. *Id.* ¶ 12, Ex. 6 at 1. On January 20, 2021, Mr. Sinek was transferred to a residential reentry center ("RRC"), commonly known as a halfway house, in the Northern District of California, a form of pre-release custody. *See id.* ¶ 12, Ex. 7. At that time, Mr. Sinek's projected release date from BOP custody was August 16, 2023. *Id.*

1   According to Respondent, in January 2022, in connection with implementation of the requirements of the FSA, BOP determined that Mr. Sinek had earned 510 FTCs. *Id.* ¶ 13.[1] BOP applied 365 of those FTCs to change his release date to August 16, 2022. *Id.* ¶ 13, Ex. 8. This meant that Mr. Sinek would begin his three-year term of supervised release on August 16, 2022. *Id.* ¶ 13. Because Mr. Sinek had already been in pre-release custody in an RRC for a year as of January 2022, his remaining 145 FTCs were not applied to anything. *Id.*

On August 24, 2023, while on supervised release, Mr. Sinek filed the instant habeas petition, asserting that he is currently owed "20+ months of credits" under the FSA to reduce his term of supervised release. Dkt. No. 1 at ECF 1, 7.

## II.  LEGAL STANDARD

A prisoner's request for judicial review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *United States v. Richardson*, No. C 10-5203 SI, 2011 WL 2650697, at *3 (N.D. Cal. July 6, 2011) (challenge to calculation of sentence). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).

## III.  DISCUSSION

Although the basis for his calculation is unclear, Mr. Sinek argues that his current term of supervised release should be reduced by "20+ months" by application of his unused FTCs. Dkt. No. 1 at ECF 7. Respondent argues that Mr. Sinek's habeas petition should be dismissed as moot because BOP applied all FSA FTCs that could be applied. Dkt. No. 7 at 1. Alternatively, Respondent asserts that the petition should be denied because the FSA is clear that FTCs cannot be applied to shorten a term of supervised release. *Id*.

---

[1] The records attached to Mr. Painter's declaration do not include documentation supporting the accrual by Mr. Sinek of 510 FTCs. However, as Mr. Sinek did not contest Mr. Painter's statement regarding this calculation, the Court relies on the statement contained in Mr. Painter's declaration.

Although Respondent mentions mootness, its answer does not include a mootness analysis. *See* Dkt. No. 7 generally.[2]  Accordingly, the Court addresses the merits of Mr. Sinek's claim.

Mr. Sinek argues that 18 U.S.C. § 3632(d)(4)(C) provides that FTCs shall be applied to reduce his term of supervised release. Dkt. No. 6. He relies on *Dyer v. Fulgam*, No.1:21-cv-299-CLC-CHS, 2022 WL 1598249 (E.D. Tenn. May 20, 2022), which concluded that "the unambiguous, mandatory language of the statute provides that earned-time credits may be applied to a term of supervised release," and ordered that petitioner's unused earned-time credits be applied to reduce his term of supervised release. *Id.* at 3.[3]  Respondent contends that *Dyer* is an outlier decision with flawed reasoning, and that the Court should instead follow the reasoning of *United States v. Calabrese*, No. 11-cr-00437, 2023 WL 1969753 (N.D. Ohio Feb. 13, 2023), which reaches the opposite conclusion. Dkt. No. 7 at 7.

Section 3632(d)(4)(C) states in relevant part:

> Time credits earned . . . by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C). The question presented by Mr. Sinek's petition requires the Court to determine the proper interpretation of the provision stating that "[t]ime credits earned . . . shall be applied *toward* time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added).

The Court finds persuasive Judge Tigar's statutory interpretation analysis in *United States v. Doost*, No. 22-cr-00466-JST-1, 2024 WL 2064062 (N.D. Cal. May 7, 2024). As in *Doost,* the

---

[2] Respondent concedes that exhaustion of administrative remedies of Mr. Sinek's claim in this matter is not at issue. Dkt. No. 7 at 5, fn. 1. Accordingly, the Court will not discuss the issue of exhaustion.

[3] The respondent in *Dyer* appealed the district court's decision in that case. However, the appeal was dismissed as moot pursuant to the parties' stipulation after Mr. Dyer obtained early termination of his supervised release, pursuant to 18 U.S.C. § 3582(e)(1). *See Dyer v. Fulgam*, No. 22-5608, Dkt. No. 35 (6th Cir. June 6, 2023).

Court finds that the plain language of the word "toward" is subject to at least two reasonable interpretations: "toward" can mean to directly reduce the term of pre-release custody or supervised release (as in "proceeds shall be applied *toward* the payment of a debt"), or "toward" can mean to bring something closer to happening (as in "a long stride *toward* disarmament"). *See Doost*, 2024 WL 2064062, at *4. Considering how "toward" is used in context in this section of the statute, and with a view to this section's place in the overall statutory scheme, the Court agrees with *Doost* that the second sentence of § 3632(d)(4)(C), which references § 3624(g), strongly supports the latter interpretation. *See id.* That is, the statutory direction that "[t]he Director of the Bureau of Prisons shall *transfer* eligible prisoners, as determined under section 3624(g), *into* prerelease custody *or* supervised release," indicates that time credits earned during a period of imprisonment can only be used to *reduce* a term of imprisonment, such that a prisoner may be transferred to either pre-release custody or permitted to begin his term of supervised released at an earlier date. *See id.* at *4-5 (citing *Calabrese*, 2023 WL 1969753, at *3). This interpretation aligns with § 3624(g)(3), which states:

> If the sentencing court included as part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Direction of the Bureau of Prisons may *transfer the prisoner to begin any such term of supervised release* at an earlier date, *not to exceed 12 months, based on the application of time credits under section 3632*.

18 U.S.C. § 3624(g)(3) (emphasis added). Nothing in either § 3632 or § 3624 indicates that BOP has authority to *reduce* the term of supervised release imposed by the presiding judge at sentencing. Similarly, nothing in the FSA amends 18 U.S.C. § 3583, which governs a court's decision to modify a defendant's term supervised release. *Doost*, 2024 WL 2064062, at *5 (discussing 18 U.S.C. § 3583(e) and 18 U.S.C. § 3624(e)); *see also Calabrese*, 2023 WL 1969753, at *3. The legislative history for the FSA reveals no contrary Congressional intent, but instead supports "a narrow application of earned time credits to reduce a convicted felon's period of incarceration." *Doost*, 2024 WL 2064062, at *5 (discussing legislative history).

A review of the cases following *Dyer*, the decision on which Mr. Sinek relies, reflects that the contrary conclusion reached in that case has been rejected by nearly all of the courts that have

considered whether time credits should be applied to reduce a term of supervised release. *See Davis v. Rardin*, No. 22-cv-2854 (JRT/DLM), 2024 WL 209172, at *5-6 (D. Minn. Jan. 19, 2024) (gathering cases rejecting *Dyer*); *Doost*, 2024 WL 2064062, at *5 (collecting cases); *see also Guerrieri v. Miami RRM*, No. 24-10337, 2024 WL 2017730, at *3 (11th Cir. May 7, 2024) (identifying *Dyer* as the sole case holding that time credits may be applied to reduce a term of supervised release).

Thus, the Court concludes that FTCs cannot be applied to reduce a term of supervised release, as Mr. Sinek contends. In this case, BOP appears to have applied the maximum number of time credits (12 months or 365 FTCs) permitted under 18 U.S.C. § 3632(d)(4)(C) and 18 U.S.C. § 3624(g)(3) to change Mr. Sinek's projected release date from August 16, 2023 to August 16, 2022, at a time when he was already in pre-release custody. Any FTCs earned in excess of the number applied toward the date of his release from custody could not be applied to reduce his term of supervised release.

### IV. CONCLUSION

After a careful review of the record and the applicable law, the Court concludes that the petition for writ of habeas corpus must be denied.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 16, 2024

Virginia K. DeMarchi
United States Magistrate Judge